﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190325-6550
DATE: November 29, 2019

ORDER

Reopening of the claim of entitlement to service connection for tinnitus is dismissed.

Reopening of the claim of entitlement to service connection for right-ear hearing loss is dismissed.

Entitlement to service connection for hypertension is dismissed.

Entitlement to service connection for a skin rash is dismissed.

Entitlement to a compensable rating for left-ear hearing loss is dismissed.

FINDINGS OF FACT

1. A rating decision denying the Veteran’s claims was issued in January 2019.

2. The Veteran filed a VA form 10182 in March 2019.

CONCLUSION OF LAW

The Board lacks jurisdiction to review the Veteran’s claims. 38 U.S.C. § 7105 (a).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active military service from September 1986 to September 1989.

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). AMA became effective on February 19, 2019. Under AMA, an AMA appeal may come to the Board in three ways:

(1) through a Rapid Appeals Modernization Program rating decision; (2) an appeal of a rating decision with a notification letter dated on or after February 19, 2019; or (3) an appeal of a statement of the case (SOC) or supplemental statement of the case issued on or after February 19, 2019.

In the instant case, the Board lacks jurisdiction because the Veteran was notified of a rating decision prior to AMA implementation on February 19, 2019, and as such he needed to file a legacy notice of disagreement (NOD) on VA Form 21-0958 and wait for the issuance of an SOC in order to opt-in to the AMA system. Instead, in March 2019, VA received a Form 10182 (AMA Board appeal) and he was erroneously placed on the AMA Direct Review docket. Therefore, the case is dismissed.

The Board notes that the Veteran may submit the correct NOD (VA Form 21-0958) to the RO since he is still within the one-year time limit from the notification of the January 2019 rating decision. If the claim remains denied and the Veteran disagrees with the SOC, the Veteran may then appeal his claim to the Board after filing a VA Form 9 within 60 days of the SOC or may at that time opt-in to the modernized review system by filing for a review option under the new system.

The Veteran will be provided notice of his options with the issuance of the SOC.

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. Cannaday, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.